ANDERSON AUSTIN v. THE STATE.

No. 4889. Decided February 13, 1918.

Burglary—Sentence—Judgment—Jurisdiction—Juvenile.

Where, upon an appeal from a conviction of burglary, the record contained neither final sentence nor judgment, the appeal must be dismissed for want of jurisdiction. Besides, the record showing that appellant was a juvenile he should have been tried on the juvenile docket. Following McLaren v. State, recently decided.

Appeal from the District Court of San Jacinto. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary and allotted four years confinement in the penitentiary.

The record is in rather a bad condition. It contains neither a sentence, nor a judgment that can be sustained. After setting out the usual formal parts, the judgment recites that the verdict was received by the court "and is here now entered upon the minutes of the court, towit: 'We the jury find the defendant guilty and assess his punishment at — years in the penitentiary.'" The judgment follows this and

says that defendant shall "be punished as has been determined by the jury by confinement in the penitentiary for — years, and that the State of Texas do have and recover," etc.

The grounds in the motion for new trial allege that defendant was under seventeen years of age and hardly responsible for his acts. A teacher states that she had him under her control at school for one term, and for want of sufficient intelligence she was not able to teach him the alphabet. It is also shown by the affidavit of the mother, and there seems to be no question of the fact so far as the motion for new trial is concerned, that the boy was practically an idiot, or at least of very low order of mentality. The court rendering the judgment in this respect adjudicates the fact that defendant is clearly under seventeen years of age, and had he been the judge who tried the case would have disposed of it under the recent case of McLaren v. State. It seems from the statement of the judge that one judge tried it, and on account of severe illness another judge presided on the hearing of the motion for rehearing. These matters are mentioned so that upon another trial of the case they may not occur.

The appeal will be dismissed for reasons above given. ·

*Dismissed.*